JOSEPH GIACOMAZZO et al., Appellants, v GEORGE MORENO, Defendant and Third-Party Plaintiff-Respondent. CITY OF NEW YORK, Third-Party Defendant-Respondent.

First Department, June 30, 1983

APPEARANCES OF COUNSEL

*John Nicholas Iannuzzi* of counsel (*Iannuzzi, Russo & Iannuzzi,* attorneys), for appellants.

*Kenneth F. Agoglia* for defendant and third-party plaintiff-respondent.

*Bernard Abel* of counsel (*Michael Gage* with him on the brief; *Frederick A.O. Schwarz, Jr., Corporation Counsel,* attorney), for third-party defendant-respondent.

OPINION OF THE COURT

SILVERMAN, J.

These are appeals from a judgment of the Supreme Court, Bronx County, Trial Term, dismissing the complaint at the close of the plaintiffs' case, and from a previous order denying plaintiffs leave to serve a late notice of claim against the City of New York.

Plaintiffs claim that plaintiff Joseph Giacomazzo was injured through the negligence of defendant Moreno, a police officer, in the operation of that defendant's automobile. Plaintiffs sued Moreno first in the State court and then, basing jurisdiction on diversity of citizenship, sued both Moreno and the city in the United States District Court for the Southern District of New York.

The complaint in the Federal court alleged that defendant Moreno was engaged on official duty as a police officer in the employ of the city at the time of the accident. In the Federal court the defendants moved to dismiss the complaint under rule 12 (subd [b], pars [1], [6]) of the Federal Rules of Civil Procedure (in US Code, tit 28, Appendix) on the grounds that the court lacked jurisdiction over the subject matter and that the complaint failed to state a claim upon which relief may be granted. The United States District Court granted the motion to dismiss the complaint for failure to file a notice of claim against the city within 90 days of the accident (General Municipal Law, § 50-e) and failure to institute the action within one year and 90 days of its accrual (General Municipal Law, § 50-i). The United States Court of Appeals for the Second Circuit affirmed the dismissal.

The decision in the Federal court was a decision on the merits, and accordingly, the State Supreme Court Justice was correct in dismissing the State court action on the ground of *res judicata*. Plaintiffs argue that the Federal dismissal was in the nature of a demurrer, and therefore, not on the merits. While that is the rule as to the grant of motions to dismiss in the State courts (see CPLR 5013), it is not the rule with respect to such a determination in the Federal court. Subdivision (b) of rule 41 of the Federal Rules of Civil Procedure provides in part as follows: "Unless the court in its order for dismissal otherwise specifies,

a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

As the New York Court of Appeals has recognized: "In Federal court, as distinguished from our State courts, a dismissal is on the merits unless the contrary expressly appears (Fed Rules Civ Pro, rule 41, subd [b], US Code, tit 28). In principle, a dismissal on the merits should be accorded the same consequences for purposes of claim preclusion whether it comes after trial or before trial on a motion for summary judgment or on a motion to dismiss for failure to state a cause of action after leave to replead has been granted as in this case." (*McLearn v Cowen & Co.*, 48 NY2d 696, 699, n.)

Plaintiffs say that in the Federal court they were only suing Moreno in a "representative" capacity (i.e., alleging that he was acting in the scope of his employment by the city), while in the State court they are suing Moreno individually (i.e., without any allegation as to scope of employment). To begin with, it is clear that the action in the Federal court sought a judgment against Moreno individually as well as against the city. Further, in affidavits in the Federal court and in briefs in that court, plaintiffs' attorney said that the action was "against the defendant, George Moreno, individually." But if this were not so, it would not matter. As against defendant Moreno, the action in this court asserts essentially the same claim as in the Federal court, i.e., a claim for compensation for the same personal injuries suffered in the same accident caused by the same negligence of defendant Moreno.

"This State has adopted the transactional analysis approach in deciding *res judicata* issues (*Matter of Reilly v Reid*, 45 NY2d 24). Under this address, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy (*id.*, at pp 29-30) * * *

"When alternative theories are available to recover what is essentially the same relief for harm arising out of the

same or related facts such as would constitute a single 'factual grouping' (Restatement, Judgments 2d, § 61 [Tent Draft No. 5]), the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions." (*O'Brien v City of Syracuse,* 54 NY2d 353, 357-358; Accord *Smith v Russell Sage Coll.,* 54 NY2d 185.)

As the jurisdiction of the Federal court was based on diversity of citizenship, the present "theory of recovery was as available to the plaintiff then as it is now". (*Smith v Russell Sage Coll., supra,* at p 194.) It was available in the Federal court suit for plaintiffs to allege that Moreno was not acting within the scope of his employment; that the plaintiffs chose not to make that allegation does "not justify presenting the claim by two different actions." (*O'Brien v City of Syracuse, supra,* at p 358.) Therefore, the "disposition of the Federal action on the merits for failure to state a cause of action extinguished all rights plaintiff may have had to remedies against [defendant] with respect to all or any part of the series of connected transactions out of which the Federal action arose." (*McLearn v Cowen & Co.,* 48 NY2d, at p 698.)

We have discussed the case as if the motion to dismiss in the Federal court had been made on the face of the complaint, without affidavits. In fact there were both supporting and opposing affidavits. In such cases subdivision (b) of rule 12 of the Federal Rules of Civil Procedure provides that the motion may be treated as a motion for summary judgment, and at one point plaintiffs' brief in this court even refers to the motion as a motion for summary judgment. Our Court of Appeals has held that such a dismissal on summary judgment on Statute of Limitations grounds is a judgment on the merits for *res judicata* purposes even if the summary judgment was granted in a State court. (*Smith v Russell Sage Coll.,* 54 NY2d, at p 194.) So far as a dismissal in the Federal court is concerned, it does not matter whether the dismissal was on affidavits or on the face of the pleadings; in either case, it is "upon the merits" and *res judicata* (unless the Federal court "otherwise specifies", which here it did not do).

■ At the close of the case in the Supreme Court, defendant Moreno moved to amend the answer to include the defense of *res judicata* on the basis of the decision in the Federal court. The Supreme Court dismissed the action on the basis of that decision, thus implicitly granting the motion to amend. This was not an abuse of discretion by the court. The statute says that motions to amend pleadings may be made "at any time", and that "[l]eave shall be freely given". (CPLR 3025, subd [b].)

"[T]his statutory direction has been held repeatedly to apply to defenses deemed 'waived' under CPLR 3211 (subd [e]) when not raised 'either by * * * motion or in the responsive pleading.'" (*Pegno Constr. Corp. v City of New York,* 95 AD2d 655, 656.) And indeed, failure to grant motions to amend may be an abuse of discretion as a matter of law. (See *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755.)

The judgment, Supreme Court, Bronx County (V. G. BRADLEY, J.), entered April 19, 1982 dismissing the complaint and third-party complaint, is affirmed, without costs.

The appeal from order, Supreme Court, Bronx County (D. E. KENT, J.), dated October 20, 1978 denying leave to serve late notice of claim, is dismissed as subsumed in the judgment, without costs.

MURPHY, P. J., SULLIVAN, MILONAS and KASSAL, JJ., concur.

Judgment, Supreme Court, Bronx County, entered on April 19, 1982, unanimously affirmed, without costs and without disbursements. The appeal from the order of said court, entered on or about October 20, 1978, is dismissed, without costs and without disbursements, as having been subsumed in the appeal from the judgment.