■ In the Matter of L. ROBERT LEISNER, Appellant, v VICTOR S. BAHOU, as President of the New York State Civil Service Commission, et al., Respondents. — Appeals (1) from an order of the Supreme Court at Special Term (Klein, J.), entered December 9, 1981 in Albany County, which, *inter alia,* in a proceeding pursuant to CPLR article 78, dismissed and severed certain of petitioner's claims, and (2) from a judgment of said court (Torraca, J.), entered June 24, 1982 in Albany County, which denied the remaining claim in petitioner's application pursuant to CPLR article 78 to annul a determination of the Civil Service Commission which upheld a performance rating of unsatisfactory. Following unsatisfactory reports evaluating his service during 1978 as a probationary hearing officer for the Department of Social Services, petitioner was notified of his termination effective January 17, 1979. Upon learning that he had become permanent through expiration of his probationary period, he commenced a CPLR article 78 proceeding to prevent his discharge. A written stipulation of settlement was made whereby petitioner agreed to resign effective June 29, 1979 "in consideration of the opportunity to seek employment in another agency". In the meantime, petitioner challenged the unsatisfactory rating he received for 1978 by appealing to the Performance Rating Board, which dismissed his claim. He then appealed to the Civil Service Commission. That appeal consisted of an interview of petitioner and one of the supervisors who gave him the unsatisfactory rating. The commission adopted the recommendation of the interviewer to dismiss the appeal on the ground that petitioner's work had been unsatisfactory. He then commenced the instant CPLR article 78 proceeding seeking a judgment annulling the commission's determination; a judgment annulling the stipulation settling the prior article 78 proceedings; an award of money damages; a declaration that the hearing procedures of the Department of Agriculture and Markets, where he formerly worked, denied the public equal protection of law; and, a declaration that hearing officers' "integrities of findings of fact and law are protected". Special Term (Klein, J.) dismissed the claim for monetary relief and the claim questioning the hearing procedures, severed the claim to vacate the stipulation and directed petitioner to initiate a separate plenary action, and further ordered respondents to answer the remaining claim seeking review of the determination to discharge. Following the answer, Special Term (Torraca, J.) dismissed the remaining claim. Petitioner has appealed both the initial order and the judgment. Initially, we note that petitioner's causes of action seeking monetary damages for alleged violations of section 1985 of title 42 of the United States Code, the Fourteenth Amendment, and section 106 of the Civil Service Law are all independent causes of action not incidental to the primary relief of annulling the determination of the Civil Service Commission. As such,

damages may not be awarded in this proceeding (CPLR 7806). Moreover, claims against the State and its officers based upon acts in their official capacity must be brought in the Court of Claims (Court of Claims Act, § 9). To the extent that the claims are brought against the officers in their individual capacity, we find that the petition fails to sufficiently particularize the transactions or occurrences to be proven and the material elements of a cause of action pursuant to either section 1985 of title 42 of the United States Code or the Fourteenth Amendment (see CPLR 3013; see, also, *Foley v D'Agostino,* 21 AD2d 60). However, with respect to section 106 of the Civil Service Law, petitioner alleged that the director of personnel from the Department of Agriculture and Markets, William Bonk, gave out false information regarding the conditions of petitioner's departure from the department which effectively destroyed his employment opportunities during the years 1979-1980. Giving petitioner the benefit of every favorable inference (see *Matter of Cutcher v Nyquist,* 39 AD2d 810, 811), we find that the allegations sufficiently establish a claim under section 106. However, damages against an officer in his individual capacity cannot be recovered in a CPLR article 78 proceeding (8 Weinstein-Korn-Miller, NY Civ Prac, par 7806.01). Inasmuch as jurisdiction has been obtained over the parties, we exercise our authority to convert this portion of the instant proceeding into an action at law and remit the matter to Special Term (see CPLR 103, subd [c]; *Matter of Adams v New York State Civ. Serv. Comm.,* 51 AD2d 668). Both causes of action seeking declaratory relief concerning the hearing procedures in the Department of Agriculture and Markets and the integrity of hearing officers were properly dismissed. Since petitioner is no longer employed as a hearing officer, he lacks standing. Nor can we discern any justiciable controversy in this respect. We next find that Special Term was in error in ordering severance of that cause of action seeking to annul the stipulation of settlement and directing petitioner to commence a separate suit in that its reliance upon *Yonkers Fur Dressing Co. v Royal Ins. Co.* (247 NY 435) is misplaced. The rule has been modified by *Teitelbaum Holdings v Gold* (48 NY2d 51) which held that absent direct proof of an express stipulation of discontinuance or entry of a judgment upon a stipulation of settlement; it will be presumed that the action is not terminated. Here, there is neither a judgment nor proof in this record that the initial CPLR article 78 proceeding was unequivocally terminated; hence, it may not be presumed that it was. Indeed, it is reasonable to conclude that it was executory. Therefore, petitioner's cause of action to annul the stipulation should be converted into a motion and remitted to Special Term for determination, with the option that an evidentiary hearing be conducted upon any unsettled factual questions. The ease and simplicity of a motion rather than a new and separate plenary action is preferable and consonant with the holding in *Teitelbaum Holdings v Gold* (48 NY2d 51, *supra*). Nor does this record contain sufficient evidence to support respondents' claim that petitioner should be barred by the defense of laches. Finally, in our consideration of the Civil Service Commission's determination upholding the "unsatisfactory" performance rating for 1978, judicial inquiry is limited to whether that determination has a rational basis in the record (*Matter of Burke v Axelrod,* 90 AD2d 577). Special Term concluded that the various reports and evaluations of petitioner's work performance were "thorough and sincere" and thus presented a rational basis for the commission's determination. We concur. Petitioner relies upon a memorandum from the Director of Personnel Services and Development Division to demonstrate that the agency violated its own rules in making the challenged rating. That memorandum, directed to all personnel officers, specifically required appropriate documentation of a rating evaluation, including "evidence of periodic counseling * * * or some indication that the employee was advised that his or

her performance could lead to an annual rating of Unsatisfactory". We conclude that respondents have complied with this memorandum, which plainly related to internal management and is binding on the agency (see NY Const, art IV, § 8; *Matter of Johnson v Smith*, 83 AD2d 721, 722). Review of the record establishes that after petitioner's October rating, a second probation period was required and supervision was shifted from Syracuse to Albany with the designation of a new supervisor and rater to provide closer supervision. The new supervisor explained that the reassignment was occasioned by his unsatisfactory performance, which he had discussed with petitioner in great detail on numerous occasions. The record confirms, at the very least, that petitioner was accorded "periodic counseling * * * or some indication" that his performance was inadequate as required by the rating memorandum. Accordingly, we find that the record contains ample basis for the commission's determination upholding petitioner's unsatisfactory rating for the year 1978, and that part of the judgment dismissing the petition must be affirmed. Order modified, on the law, by (1) reversing so much thereof as dismissed the cause of action against William Bonk, Director of Personnel of the Department of Agriculture and Markets, under section 106 of the Civil Service Law, and said cause of action is converted into an action at law; and (2) reversing that portion of the order which severed the cause of action to vacate the stipulation of settlement and directed that it be tried in a separate plenary trial, said cause of action is converted to a motion to vacate the stipulation and remitted to Special Term; and, as so modified, affirmed, without costs. Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.