Ronald DAVIDSON,
Plaintiff-Appellant,

v.

Clement B. CAPUANO, David R. Harris and Joseph P. Keenan,
Defendants-Appellees.

No. 20, Docket 85–2068.

United States Court of Appeals,
Second Circuit.

Argued Sept. 23, 1985.

Decided May 29, 1986.

As Amended Sept. 5, 1986.

---

David B. Wechsler, New York City (Townley & Updike, of counsel), for plaintiff-appellant.

Myron Paul Schamis, New York City, Asst. Atty. Gen. of N.Y. (Robert Abrams, Atty. Gen. of N.Y., Richard L. Liskov, Asst. Atty. Gen., of counsel), for defendants-appellees.

Before MANSFIELD, PIERCE, and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

After prevailing in a state court proceeding brought under Article 78 of the New York Civil Practice Law and Rules ("CPLR") in which he sought, in addition to having his prison records expunged of all reference to an earlier disciplinary proceeding, a reinstatement of his prisoner benefits and the return of property taken from his prison cell by challenging the procedures followed in his prison disciplinary proceeding, Ronald Davidson amended his complaint in this federal action brought under 42 U.S.C. § 1983 to assert similar claims, but seeking only damages. On consent of the parties the case was referred to United States Magistrate Nina Gershon, who dismissed the amended complaint on the ground that Davidson's failure to raise his § 1983 damage claims in the prior Article 78 proceeding barred this action under the doctrine of res judicata. Because Davidson could not properly have obtained in the state court Article 78 proceeding the damage relief he seeks here, we hold that his present action is not barred by res judicata. Accordingly, we reverse and remand for further proceedings.

## BACKGROUND

In June 1978, while incarcerated at the Green Haven Correctional Facility in Stormville, New York, Davidson commenced an Article 78 proceeding (first Article 78 proceeding) alleging that a Green Haven employee had negligently disbursed funds from his inmate account. In September 1978, shortly after a decision was rendered in that proceeding, prison officials charged Davidson in a misbehavior report with fraud. Upon Davidson's plea of not guilty, the superintendent commenced a disciplinary proceeding to determine the validity of the charge. After two days of hearings Green Haven's deputy superintendent for administration, Clement Capua-

no, issued a final report on October 10, 1978, finding Davidson guilty as charged.

In the meantime, Davidson had commenced a civil rights action in the United States District Court for the Southern District of New York, naming as defendants Capuano and two other Green Haven employees, Sunny Shriver and Catherine Keane. While that federal complaint, which alleged that the superintendent's disciplinary proceeding had been commenced in retaliation for Davidson's first Article 78 proceeding, was still pending, Davidson commenced a new Article 78 proceeding (second Article 78 proceeding) seeking an order in the nature of mandamus compelling defendant Harris, the superintendent of Green Haven, and Richard O. Hongisto, the acting commissioner of correctional services, to vacate and set aside Capuano's October 10 decision on the ground that the superintendent's proceeding had been conducted in violation of Davidson's due process rights.

To determine the merits of Dadivson's second Article 78 proceeding, a hearing was held in Supreme Court, Dutchess County, before Acting Supreme Court Justice Raymond E. Aldrich, Jr., who on January 31, 1979, issued a written decision finding: (1) that Davidson had not been afforded the opportunity to make a statement at the superintendent's proceeding; (2) that defendant Capuano had failed to consider documentary evidence offered by Davidson; and (3) that the respondents in the second Article 78 proceeding, including defendant Harris, had failed to act in accordance with established state procedures. Justice Aldrich concluded that Davidson had been denied his constitutional right to due process of law and ordered that the findings of the superintendent's hearing be set aside and that Davidson's records be expunged of any reference to the October disciplinary proceedings.

Davidson then sought leave to amend his federal court complaint to include allegations concerning Justice Aldrich's disposition of his second Article 78 proceeding. Leave to amend was granted in June 1979 and, after the case was referred to Magistrate Gershon and counsel was appointed to aid Davidson, a second amended complaint was filed on October 29, 1984, substituting David Harris, superintendent of Green Haven, and Joseph Keenan, deputy superintendent for security at Green Haven, as defendants for original defendants Shriver and Keane. That complaint which is the subject of this appeal, abandoned the original retaliation claim, and instead alleged the same factual circumstances that gave rise to the second Article 78 proceeding, asserting that Davidson had been deprived of his fourteenth amendment right to procedural due process of law. As a proximate result of this deprivation, Davidson claimed that from October 10, 1978 through January 31, 1979, he was precluded from receiving or purchasing various supplies, was prevented from sending money to his attorney or his common-law wife for support, and was wrongfully transferred, first to Auburn Correctional Facility, and then to Clinton Correctional Facility, for all of which Davidson sought $25,000 compensatory damages, punitive damages, and attorneys' fees.

Based on the favorable determination of his second Article 78 proceeding, Davidson moved in this federal civil rights damage action for partial summary judgment on liability. Defendants cross-moved for summary judgment on the ground, *inter alia*, that plaintiff's failure to assert his § 1983 damage claim in the second Article 78 proceeding precluded him from pursuing that relief here. The magistrate agreed with defendants and, holding that plaintiff's § 1983 claim was barred under New York's law of res judicata, dismissed the complaint. This appeal followed, presenting squarely the issue of whether under New York law the judgment in an Article 78 proceeding precludes a later civil rights claim for damages based on the same underlying facts.

## DISCUSSION

I. *General Principles.*

The full faith and credit clause of the Constitution of the United States requires

a federal court to give the same preclusive effect to a state court judgment as would be given in the state in which it was rendered. *Migra v. Warren City School District*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *see also* 28 U.S.C. § 1738. New York courts have adopted the "transactional approach" to res judicata, holding that if claims arise out of the same "factual grouping" they are deemed to be part of the same cause of action and the later claim will be barred without regard to whether it is based upon different legal theories or seeks different or additional relief. *Smith v. Russell Sage College*, 54 N.Y.2d 185, 192–93, 445 N.Y.S.2d 68, 71, 429 N.E.2d 746, 749 (1981); *see also O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158, 1159 (1981); *Reilly v. Reid*, 45 N.Y.2d 24, 27, 407 N.Y.S.2d 645, 647, 379 N.E.2d 172, 174–75 (1978).

This bar against later claims based upon the same cause of action is, however, subject to certain limitations, one of which is that it will not be applied if the initial forum did not have the power to award the full measure of relief sought in the later litigation. *Heimbach v. Chu*, 744 F.2d 11, 14 (2d Cir.1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 1842, 85 L.Ed.2d 141 (1985); *see McLearn v. Cowen & Company*, 48 N.Y.2d 696, 698, 422 N.Y.S.2d 60, 61, 397 N.E.2d 750, 751–52 (1979); *Salwen Paper Co., Profit Sharing Retirement Trust v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 72 A.D.2d 385, 391, 424 N.Y.S.2d 918, 922 (2d Dep't 1980). Where "formal barriers" to asserting a claim existed in the first forum it would be "unfair to preclude [the plaintiff] from a second action in which he can present those phases of the claim which he was disabled from presenting in the first." Restatement (Second) of Judgments § 26(1)(c) comment c (1982). Mindful of these principles of New York law, we turn to our consideration of what claim-preclusive effect in this case a New York court would afford the judgment in the second Article 78 proceeding.

## II. *The State Court Proceedings.*

### A. *Same Cause of Action?*

Initially, we note that for res judicata purposes Davidson's second Article 78 proceeding and the present civil rights action undoubtedly are based on the same cause of action. In both, Davidson sought relief based on the conduct of prison officials in connection with the October 1978 superintendent's disciplinary proceeding. Neither a different theory of recovery nor different relief sought would prevent this § 1983 action and the prior Article 78 proceeding from being considered as part of the same cause of action. *See Smith*, 54 N.Y.2d at 192–93, 445 N.Y.S.2d at 71, 429 N.E.2d at 749.

### B. *Full Relief Available in the Article 78 Proceeding?*

Whether the forum in which the facts were initially litigated, a special proceeding under CPLR Article 78, could award the full measure of relief now sought hinges upon proper construction of the damage limitation provision applicable to all Article 78 proceedings: CPLR section 7806, which permits damages to be awarded in an Article 78 proceeding only if two conditions are met. First, the damages must be "incidental to the primary relief sought", and second, the relief must be "such as [the petitioner could have recovered] on the same set of facts in a separate action or proceeding suable in the supreme court against the same body or officer in its or his official capacity." CPLR § 7806 (McKinney 1981).

■ Although New York courts have not fully articulated a comprehensive test for determining when in an Article 78 proceeding damages can be properly characterized as incidental to the primary relief sought, substantial New York authority does indicate that damages for civil rights violations are not included in this category. *See, e.g., Schwab v. Bowen*, 41 N.Y.2d 907, 908, 394 N.Y.S.2d 616, 617, 363 N.E.2d 341 (1977) (dismissal of Article 78 petition seeking reinstatement is "of course" without prejudice to the institution of any future actions

seeking damages); *D.B.C.G. v. Town of Ramapo*, 99 A.D.2d 502, 502–03, 470 N.Y. S.2d 670, 672 (2d Dep't 1984) (claim seeking damages under New York State Civil Rights law is not properly interposed in Article 78 proceeding); *Leisner v. Bahou*, 97 A.D.2d 860, 861, 469 N.Y.S.2d 255, 258 (3d Dep't 1983), *app. dismissed*, 61 N.Y.2d 985, 475 N.Y.S.2d 282, 463 N.E.2d 623, *cert. denied*, — U.S. —, 105 S.Ct. 595, 83 L.Ed.2d 704 (1984); *Rosario v. Blum*, 80 A.D.2d 511, 512–13, 435 N.Y.S.2d 596, 598 (1st Dep't 1981). *But see Pauk v. Board of Trustees of the City University of New York*, 111 A.D.2d 17, 20–1, 488 N.Y.S.2d 685, 688 (1st Dep't 1985) (holding that breach of contract damages may be recovered in an Article 78 proceeding seeking a declaration of tenure and stating that section 7806 requires only that the damages sought be recoverable in a separate action suable in the supreme court against the same body or officer in his official capacity).

Particularly convincing are statements, albeit in *dicta*, by the appellate divisions of the First and Third Departments in *Rosario* and *Leisner*. In *Rosario*, petitioner sought review under Article 78 of a decision of the New York Department of Social Services terminating a grant of public assistance. In addition to reinstatement of benefits, petitioner sought $10,000 in damages and an award of attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988. Affirming the state's termination of benefits, the court noted the procedural impropriety of interposing a civil rights claim for money damages in an Article 78 proceeding, stating:

> Quite apart from the lack of merit of petitioner's claim for damages and counsel fees, we also believe that a plenary action for money damages against the State constitutes an impermissible intrusion in an article 78 proceeding seeking review of an administrative fair hearing decision.

80 A.D.2d at 512–13, 435 N.Y.S.2d at 598.

Similarly, in *Leisner*, a state employee who sought by Article 78 to prevent his discharge as a probationary hearing officer for the Department of Social Services, also requested monetary damages for alleged violations of, *inter alia*, 42 U.S.C. § 1985. As in *Rosario*, the court noted the impropriety of interposing a civil rights claim for damages in an Article 78 proceeding, stating:

> [W]e note that petitioner's [cause] of action seeking monetary damages for alleged violations of section 1985 of title 42 of the United States Code * * * [is an] independent [cause] of action *not incidental to the primary relief of annulling the determination of the Civil Service Commission. As such, damages may not be awarded in this proceeding* (CPLR 7806).

97 A.D.2d at 860–61, 469 N.Y.S.2d at 257–58 (emphasis added).

Since the damages Davidson seeks in this civil rights case cannot be characterized as incidental to the primary relief sought in his second Article 78 proceeding, the first condition of section 7806 fails and it is unnecessary to consider the second— whether the relief sought would be recoverable on the same set of facts in a separate action suable in the supreme court against the same body or officer in his official capacity. Although it seems doubtful that Davidson would meet this condition either, in view of section 24 of the New York Correction Law, a relatively new provision which requires that damage claims such as Davidson's be brought in the Court of Claims, we need not pass on this issue.

We are distressed, however, that the position taken here by the attorney general on this issue is flatly inconsistent with his position in other factually similar cases. *See, e.g.*, Affidavit in Support of Motion to Dismiss the Complaint, *Cepeda v. Coughlin*, Index No. 909–85 (Sup.Ct. Albany County 1985); *Victory v. Henderson*, (Sup.Ct. Cayuga County 1985) [hereinafter cited as *Victory* Affidavit]. It is, to say the least, disingenuous for him to argue to this court that section 24 of the Correction Law does not bar Davidson from bring-

ing an action in New York State Supreme Court while at the same time relying on section 24 in support of his motions to dismiss similar supreme court actions against prison officials on the ground that plaintiff is "simply in the wrong court". *See Victory* Affidavit, *supra*, at 3. The state's argument seeking to square these positions is not worthy of repetition here, and we mention this situation only to make clear that our failure to rule on the applicability of section 24 in this case should not be construed as endorsing the attorney general's litigation position in such cases.

In addition to New York case law, our decision today is supported in principle by the role and purposes of the "special proceeding" in New York procedure. A special proceeding, of which a proceeding brought pursuant to Article 78 is a particular type, is a form for litigating a case that differs from a civil action in several ways. The special proceeding is designed to facilitate a "summary disposition" of the issues presented, CPLR § 401 (McKinney 1972) Practice Commentary at 477, and has been described as "a fast and cheap way to implement a right" that is "as plenary as an action, culminating in a judgment, but is brought on with the ease, speed and inexpensiveness of a mere motion," D. Siegel, *Handbook on New York Practice* 764 (1978) [hereinafter cited as Siegel]. Accordingly, procedures in a special proceeding are designed to further its summary nature.

For example, leave of court is required before a party may utilize the disclosure devices of Article 31 of the CPLR, CPLR § 408 (McKinney 1986); *see Slawiak v. Hollywood*, 123 Misc.2d 435, 473 N.Y.S.2d 745, 748 (Sup.Ct. Erie County 1984) (CPLR § 408 evidences "concern for a swift determination"), and no party may be joined or impleaded and no third party practice or intervention is allowed without first obtaining leave of court, CPLR § 401 (McKinney 1972). Similarly, when triable issues of fact are raised in a special proceeding, such issues shall be tried "forthwith", *id.* § 410; thus, a special proceeding has a trial calendar preference over an ordinary civil ac-

tion, *id.* Practice Commentary at 534; Siegel, *supra*, at 773.

As in most special proceedings, an Article 78 petitioner often needs immediate relief such as release from confinement, reinstatement of employment, or reinstatement of a terminated license. To that end the damage limitation provision of section 7806 protects an Article 78 court from the burden of deciding numerous issues collateral to the primary relief the petitioner seeks. Typical of such issues in a civil rights damage claim are the presence or absence of state action, immunity of state actors, and the possible existence of a municipal custom or policy. Thus, a construction of section 7806 that prevents an Article 78 court from awarding civil rights damages furthers the essential purpose of the special proceeding—a speedy correction of improper action by a "body or officer". CPLR § 7801 (McKinney 1981).

■ We address one final argument that is relevant to our holding, even though it is not relied upon by either party to this appeal. According to this argument, advanced by one district court in reaching a conclusion contrary to what we reach today, *see Saumell v. New York Racing Association, Inc.*, 600 F.Supp. 819 (E.D.N.Y.1985), if the petitioner seeks damages which the Article 78 court is unable to award, that court could simply convert that part of the proceeding, pursuant to its powers under CPLR § 103(c), into a plenary civil action where the full relief sought would be available. Thus, in *Saumell* it was held that an Article 78 petitioner was not truly disabled, within the meaning of § 26(c) of the Restatement of Judgments, from obtaining the full relief sought in the forum in which the facts were initially litigated, and he was therefore barred from bringing a subsequent action based upon the same cause of action. Our understanding of the purpose of CPLR § 103(c) and its traditional use by the New York State courts leads us to disagree.

In the absence of section 103(c), a claim brought as a civil action where the proper

form was a special proceeding, or vice versa, would be subject to dismissal simply because the form was improper. *See* CPLR § 103(c) Legislative Studies and Reports at 18 (McKinney 1972). Section 103(c) avoids such dismissals by empowering the court to "make whatever order is required for [the] proper prosecution" of a law suit. *Id.* § 103(c). Thus, a court may convert an action incorrectly brought as an Article 78 special proceeding into its proper form. Once "jurisdiction has been acquired, the court will retain jurisdiction and direct that the action or proceeding continue in its appropriate form." *Id.* § 103(c) Practice Commentary at 17.

Typically, the court's power to convert under section 103(c) is exercised when a plaintiff, asserting a single claim, has mistakenly prosecuted that claim in an improper form. Thus, in *Kovarsky v. Housing and Development Administration*, 31 N.Y.2d 184, 335 N.Y.S.2d 383, 286 N.E.2d 882 (1972), where a tenants' organization commenced an Article 78 proceeding to review the constitutionality of a state statute, the New York Court of Appeals, recognizing that appellants had stated a claim for relief and that jurisdiction had been obtained over all necessary parties, held that special term should have exercised its power under section 103(c) to convert the proceeding into the proper form, *i.e.*, an action for a declaratory judgment, *id.* at 192, 335 N.Y.S.2d at 388, 286 N.E.2d at 885–86.

Similarly, in *Phalen v. Theatrical Protective Union*, 22 N.Y.2d 34, 290 N.Y.S.2d 881, 238 N.E.2d 295, *cert. denied*, 393 U.S. 1000, 89 S.Ct. 486, 21 L.Ed.2d 465 (1968), petitioners sought a writ in the nature of mandamus compelling the respondent union to admit them as members. The appellate division reversed special term's grant of the petition, holding that in the absence of the violation of a statutory duty an Article 78 proceeding would not lie. While agreeing with the appellate division that an Article 78 proceeding was improper, the Court of Appeals held that the proceeding should have been converted and allowed to proceed in its proper form—an action for an injunction.

*Saumell* cites no case in which a civil rights claim raised in the context of an Article 78 proceeding was converted into a civil action. In *Leisner*, the only civil rights case cited in *Saumell*, the claim was dismissed for failure to particularize the elements of a section 1985 conspiracy, and the only portion converted to a civil action was a claim asserted under section 106 of the New York State Civil Service Law. *See Leisner*, 97 A.D.2d at 861, 469 N.Y. S.2d at 258. We cannot tell whether the court might have also converted the civil rights aspect of the case had it not been dismissed on the merits; nevertheless, research reveals not a single case where a civil rights claim for monetary damages was joined with a claim that was properly raised in an Article 78 proceeding and was severed out and converted into an action at law.

Perhaps even more important than the absence of precedent is the fact that a New York court is not compelled by CPLR § 103(c) to sever and convert a claim into its proper form, *see, e.g., Schwab*, 41 N.Y.2d at 908, 394 N.Y.S.2d at 617, 363 N.E.2d at 341; the power is discretionary. To require an Article 78 petitioner, on penalty of later preclusion, to knowingly assert a claim that is improper, in the hope that the state court in its discretion might sever the claim out and convert it into a civil action, would be unfair and illogical. We read section 103(c) not as intending to encourage such conduct, but rather as intending no more than to afford the opportunity to avoid unnecessary dismissals of claims inadvertently brought in the wrong form. In sum, we are unwilling on facts such as those before us today to base a "could have been litigated" preclusion decision on a discretionary power that has rarely, if ever, been exercised by a New York court, and our holding that this civil rights suit is not barred by principles of res judicata is unaltered by the conversion provision of section 103(c).

Finally, we point out that nothing in our decision today is affected by the holding of

this court in *Collard v. Village of Flower Hill*, 759 F.2d 205 (2d Cir.), *aff'g*, 604 F.Supp. 1318 (E.D.N.Y.1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985). Although in *Collard*, as here, constitutional claims previously litigated in the course of an Article 78 proceeding were held to bar a section 1983 claim based upon the same cause of action, no question was raised either in the district court or on appeal in *Collard* of whether civil rights damages were recoverable in the earlier Article 78 proceeding, and the issue of whether the claimed damages would have been incidental to the primary relief sought in the earlier Article 78 proceeding was not before the *Collard* panel.

Since the district court's judgment must be reversed for the foregoing reasons, we do not pass upon defendants' other contentions which were not ruled upon by it.

### SUMMARY AND CONCLUSION

Ruling on the question of whether plaintiff could have asserted his civil rights claim for damages in the context of an Article 78 proceeding, the magistrate held that "plaintiff could have brought all his theories of liability and all his prayers for relief in a single law suit in state court." In our view had plaintiff done as the magistrate suggested, the damages sought would not have been awarded since they could not under New York law be properly characterized as incidental to the primary relief sought in the Article 78 proceeding.

Consequently, New York courts would not bar a later civil rights claim even where, as here, it is based upon the same cause of action as the Article 78 proceeding. Since this court is bound to apply the same rules of preclusion as New York State courts, the claim here should not have been dismissed.

Accordingly, the order of the magistrate dismissing the complaint is reversed and the action is remanded for further proceedings.