John LAWRENCE, Plaintiff,

v.

Robert J. McGUIRE, individually and as Police Commissioner of the Police Department of the City of New York and as Executive Chairman, Ex–Officio of the Police Pension Fund Article II, Kenneth Conboy, individually, and as Deputy Commissioner, Legal Division, of the Police Department of the City of New York, and as Acting Chairman of the Police Pension Fund, Article II, Philip Caruso, individually and as President of the Patrolmen's Benevolent Association and as Trustee of the Police Pension Fund, Article II, Louis Matarazzo, individually, and as a member of the Patrolmen's Benevolent Association, and as acting Trustee of the Police Pension Fund, Article II, the Board of Trustees of the Police Pension Fund, Article II, the Department of the City of New York, the Patrolmen's Benevolent Association of the City of New York, Inc., and Richard Hartman, individually and as an attorney doing business under the name of Law Office of Richard Hartman, Defendants.

No. 83 Civ. 8155 (SWK).

United States District Court, S.D. New York.

Jan. 8, 1987.

Carol Mellor, New York City, for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel of The City of New York by Richard Feiner, New York City, for defendants.

Lysaght, Lysaght and Kramer by James Lysaght, Mineola, N.Y., for Patrolmen's Benevolent Ass'n.

KRAM, District Judge.

This action is brought pursuant to 42 U.S.C. § 1983. It arises from a determination by the Board of Trustees of the Police Pension Fund, Article II ("Board of Trustees" or "Board") which denied plaintiff John Lawrence's application for accident disability retirement benefits. Lawrence, a retired police officer, alleges that the injury which led to his retirement occurred when another individual ran into him. He claims he has statements from three witnesses to substantiate that claim. Lawrence further alleges that the signature which appears on the line of duty report inaccurately describes how the injury occurred, and is not his signature. Lawrence claims that this evidence was neither presented to, nor taken into consideration by, the Board of Trustees when it denied his application for accident disability retirement. Lawrence also alleges that these facts were not presented to the New York State courts in a proper and timely manner, and consequently his petition was dismissed and his motion for reargument was denied.

Lawrence seeks a judgment from this Court ordering the Board of Trustees to reconsider and reevaluate his application for accident disability retirement in accordance with due process of law and for an award of damages, costs, and reasonable attorney's fees. Lawrence asserts the following claims:

1. All of the named defendants except Hartman deprived Lawrence of property (accident disability retirement benefits) without due process of law by denying him an opportunity to present evidence on his behalf to the Board of Trustees.

2. All of the named defendants except Hartman denied Lawrence of property without due process of law by treating the line of duty report as conclusive evidence of the circumstances regarding Lawrence's injury and by not providing Lawrence with an opportunity to refute the information contained in that report.

3. All of the named defendants conspired to conceal the actions of the Board of Trustees which denied Lawrence property rights without due process. Defendants conspired to and did omit Lawrence's allegations and proof regarding the inaccuracy of the line of duty report from the state court proceedings. This conspiracy deprived Lawrence of effective and meaningful access to the state courts.

4. Defendants Matarazzo and Hartman made material misrepresentations to Lawrence on which Lawrence relied to his detriment. Matarazzo falsely represented that he would present Lawrence's claims to the Board of Trustees and Hartman falsely represented that he would present Lawrence's claims to the state courts. As a result of his reliance on these misrepresentations, Lawrence was denied disability retirement benefits by the Board of Trustees and was denied relief from that determination by the state court.

5. Hartman represented Lawrence in an improper, negligent and reckless manner in connection with his state court action. Hartman failed to present the court with all of the relevant facts and claims for relief and as a result Lawrence's claim was dismissed and his motion for reargument was denied.[1]

---

1. Hartman has not moved the court to dismiss Lawrence's claims against him stated in the

This action is currently before this Court on two motions. The first motion, by defendants McGuire, Conboy, Caruso, Matarazzo, The Board of Trustees, The New York City Police Department, and the City of New York (collectively, "City Defendants") seeks summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the complaint against the City Defendants on the grounds that Lawrence's claims are barred by *res judicata* and collateral estoppel and that Lawrence fails to state a claim of conspiracy upon which relief can be granted.

The second motion before this Court, a cross-motion by the defendant Patrolmen's Benevolent Association of the City of New York ("PBA"), seeks to have the PBA dropped as a party to the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, on the grounds that the PBA was misjoined as a party and is without liability. In the alternative, the PBA moves the Court for summary judgment pursuant to Rule 56 dismissing the complaint against the PBA on the grounds that the claims are barred by *res judicata* or for a judgment pursuant to Rule 12(b)(6) dismissing the cause of action against the PBA.

The following facts are undisputed. John Lawrence is a former police officer who is retired on an ordinary disability pension. Lawrence became a police officer in the New York City Police Department on February 1, 1955, and became a member of the pension fund.

On July 4, 1979, Lawrence sustained a back injury while on duty in the stationhouse. Pursuant to departmental rules, a line of duty report was prepared which stated the injury occurred when Lawrence carried a cardboard box of summonses from one office to an adjacent office and lifted the box to place it on top of a cabinet. The Board of Trustees used this line of duty report when considering Lawrence's application for accident disability retirement benefits. The Medical Board of the Police Pension Fund examined Lawrence, found him disabled, and recommended that the Board of Trustees grant him an accident disability retirement pension.

While considering Lawrence's disability application, the Board of Trustees questioned whether Lawrence's injury, described in the line of duty report, was accidental within the meaning of the City Administrative Code, as required before accident disability retirement benefits can be granted. On December 2, 1980, the Board denied Lawrence's application, and he was retired on an ordinary disability pension.

Thereafter, Lawrence, represented by the law office of Richard Hartman ("Hartman"), commenced a proceeding in New York State Supreme Court pursuant to Article 78 of the Civil Practice Law and Rules, challenging the determination of the Board of Trustees denying him accident disability retirement benefits. In his petition Lawrence requested a remand to the Board of Trustees for reconsideration and redetermination of his application "in a manner which complies with and protects petitioner's due process rights ..." *See* City Defendants' Exhibit A, P. 23. Lawrence did not seek to recover damages in the Article 78 proceeding.

The New York State Supreme Court upheld the determination of the Board of Trustees and entered judgment dismissing Lawrence's petition.

After dismissal, Lawrence moved for reargument of his petition. In the affirmation in support of the motion, Lawrence alleged that his injury occurred when another individual ran into him and that this fact was not reflected in the line of duty report. In support of this allegation, Lawrence attached four affidavits to his motion papers; three were prepared by police offiers who witnessed the injury and one, prepared by Lawrence himself, alleged that the signature appearing on the line of duty report was not his own.

By Order and Memorandum dated October 17, 1981, the New York Supreme Court denied Lawrence's motion for reargument.

fourth and fifth causes of action. Accordingly these claims survive in full.

Thereafter, Lawrence appealed the dismissal of his petition.

In his appellate brief, Lawrence realleged that he was injured when another person ran into him, which was not reflected on the line of duty report, and that the signature appearing on the line of duty report was not his own. Lawrence also attached to his appellate brief his own affidavit and the affidavits of the three police officers who witnessed his injury. On May 24, 1983, the Appellate Division affirmed the lower court's dismissal of Lawrence's petition. *Lawrence v. McGuire*, 94 A.D.2d 982, 463 N.Y.S.2d 664 (1st Dep't. 1983).

Thereafter, Lawrence commenced the present action seeking a judgment ordering the defendants to reconsider and reevaluate his application for accident disability retirement benefits in accordance with due process of law and for damages, costs, and reasonable attorneys fees.

## CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON GROUNDS OF RES JUDICATA AND COLLATERAL ESTOPPEL

■ Pursuant to 28 U.S.C. § 1738, which implements the Full Faith and Credit Clause of the United States Constitution (Article IV, Sec. 1), "a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered." *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Claims brought in federal court pursuant to 42 U.S.C. § 1983 are not exceptions to the doctrines of issue and claim preclusion. Issues that were actually litigated in the prior state action are precluded from subsequent federal litigation by the doctrine of collateral estoppel, *Allen v. McCurry*, 449 U.S. 90, 97–99, 101 S.Ct. 411, 416–17, 66 L.Ed.2d 308 (1980), and any claims which could have been litigated in the state proceeding, including constitutional claims, are barred from being brought in federal court by the doctrine of *res judicata, Migra*, 465 U.S. at 84–85, 104 S.Ct. at 897–98.

Under *Migra, supra*, the court must examine New York law to determine whether Lawrence's present § 1983 claims are precluded by the judgment in his prior Article 78 proceeding. *Migra*, 465 U.S. at 85, 104 S.Ct. at 898.

New York courts have adopted the transactional analysis approach in deciding *res judicata* or claim preclusion issues. Under this analysis, "once a claim is brought to a final conclusion, all other claims arising out of that transaction or series of transactions are barred, even if based on different theories or seeking a different remedy." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 445 N.Y.S.2d 687, 688, 429 N.E.2d 1158 (1981); *Matter of Reilly v. Reid*, 45 N.Y.2d 24, 407 N.Y.S.2d 645, 379 N.E.2d 172 (1978).

Where alternative theories are employed to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single factual grouping, the fact that the different theories involve different elements of proof will not justify presenting the claims in two different actions. *O'Brien*, 445 N.Y.S.2d at 689, 429 N.E.2d 1158. Separately stated causes of action are based on the same cause of action "where the foundation of facts are the same even if there are variations in the facts alleged or different relief is sought." *Matter of Reilly*, 407 N.Y.S.2d at 648, 379 N.E.2d 172. Although a valid final judgment bars future actions between the same parties on the same claim, *id.* at 647, 379 N.E.2d 172, the prior judgment must be on the merits in order to be accorded its full *res judicata* effect. *Dutcher v. Town of Shandaken*, 97 A.D.2d 922, 470 N.Y.S.2d 767, 768 (3d Dept. 1983). *See also Perrotta v. Irizarry*, 430 F.Supp. 1274 (S.D.N.Y. 1977), *aff'd*, 573 F.2d 1294 (2d Cir.1977).

■ Applying these principles to the present action, Lawrence's claims against the City defendants in the first through fourth causes of action are barred by the claim preclusive effect of the prior state

court judgment. With the exception of Hartman and the PBA, Lawrence is suing the same parties, seeking primarily the same relief (i.e., a remand to the Board of Trustees for reconsideration of his application for accident disability retirement benefits), for claims based on the same foundation of facts and arising from the same transaction (the Board of Trustees' denial of Lawrence's application for an accident disability pension).

■ Lawrence first argues that the prior state court judgment does not bar his claims against the defendants in their individual capacities. According to the caption of the complaint in this case, the defendants are sued in both their individual and official capacities. Lawrence claims that he previously sued the defendants only in their official capacities. Therefore, he argues, the defendants in their individual capacities cannot, for the purposes of claim preclusion, be considered to have been parties to the prior proceeding.

This argument is without merit. *Giacamazzo v. Moreno*, 94 A.D.2d 369, 464 N.Y. S.2d 485 (1st Dept. 1983), *leave to appeal denied*, 60 N.Y.2d 558, 469 N.Y.S.2d 1026, 457 N.E.2d 809 (1983), refutes Lawrence's argument. In *Giacamazzo*, the plaintiff brought suit in federal court against Moreno, in his official capacity as a police officer, for damages sustained as a result of Moreno's alleged negligence. The District Court dismissed the complaint and the Second Circuit affirmed. *Id.* at 370, 464 N.Y. S.2d 485. Thereafter, the plaintiff sued Moreno in his individual capacity in New York State court. The court dismissed the action on the grounds that it was barred by *res judicata*. In affirming the dismissal, the Appellate Division applied the transactional analysis approach to *res judicata*, stating that "... the action ... asserts essentially the same claim ... for the same personal injuries suffered in the same accident caused by the same negligence ..." and thus the state court claims are barred by *res judicata*. *Id.* at 371, 464 N.Y.S.2d 485. Interpreting New York law, the Second Circuit recently followed *Giacamazzo*,

stating that "New York law generally holds that a suit against an individual in his official capacity will bar a later suit, arising out of the same transaction, against him in his individual capacity." *Gargiul v. Tompkins*, 790 F.2d 265 (2d Cir.1986).

Furthermore, the conduct Lawrence complains of in both actions allegedly occurred while the defendants were acting in their official capacities and thus, the city is liable to indemnify them for any judgment obtained against them "provided the act ... from which such judgment or claim arose occurred while the employee was acting within the scope of his public employment or duties ..." N.Y. Public Official Laws § 18. The indemnification of public officials does not depend on how the plaintiff characterizes or titles the action, that is, whether the official is sued in his individual or official capacity. Regardless of which capacity the defendants are sued in, the City is liable to indemnify them and thus, in both actions it is the city who is the real party in interest. *Staffen v. City of Rochester*, 80 A.D.2d 16, 18–19, 437 N.Y.S.2d 821 (1981).

Claim preclusion, however, does not bar Lawrence's claims for monetary damages against the individual defendants or against the Board of Trustees, the Police Department, and the City of New York.

While damages against a public officer in his individual capacity cannot be obtained in an Article 78 proceeding, *Leisner v. Bahou*, 97 A.D.2d 860, 469 N.Y.S.2d 255 (3d Dept. 1983), *appeal dismissed and leave to appeal denied*, 62 N.Y.2d 940, 468 N.E.2d 52, 479 N.Y.S.2d 214 (1984), *cert. denied*, 469 U.S. 1087, 105 S.Ct. 595, 83 L.Ed.2d 704 (1984); N.Y.Civ.Prac.Law § 7806 (McKinney 1981), the defendants in this case are sued both in their individual and official capacities. Section 7806 of the New York Civil Practice Law and Rules permits the recovery of damages against public bodies or officers acting in their official capacities provided that the damages sought are "incidental to the primary relief and that they be such as might have been recovered on the same facts in a separate action or pro-

ceeding against the same body or officer in its official capacity."

■ In *Davidson v. Capuano*, 792 F.2d 275 (2d Cir.1986), the Second Circuit ruled that damages for civil rights violations are not properly characterized as incidental to the primary relief sought in an Article 78 proceeding. *Id.* at 278–79. Furthermore, although an Article 78 court may concert an action for damages into a plenary civil action, N.Y.C.P.L.R. § 103(c); *Saumell v. New York Racing Association*, 600 F.Supp. 819 (E.D.N.Y.1985), this discretionary power does not require a litigant to raise a damages claim in an Article 78 proceeding. *Finkelstein*, 792 F.2d at 280–82. Thus, the "might have been litigated" aspect of claim preclusion does not bar a litigant who failed to raise a damages claim in an Article 78 proceeding from raising it in a later proceeding.

■ The City defendants also assert that collateral estoppel, or issue preclusion, bars the consideration of plaintiff's claims. A federal court must apply the doctrine of issue preclusion to a state court judgment in the same way a state court would. New York courts apply the doctrine of issue preclusion to bar relitigation of questions previously decided where (1) the particular factual and legal issues in question were reviewed and decided in the prior action or necessary to the judgment in the prior action; (2) the party against whom the doctrine is invoked had a full and fair opportunity to litigate those issues in the previous action; and (3) the issues in the present controversy and the prior action are identical. *Ottley v. Sheepshead Nursing Home*, 784 F.2d 62, 65 (2d Cir.1986), *citing Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485–86, 414 N.Y.S.2d 308, 311, 386 N.E.2d 1328, 1331 (1979). It is clear from the record before this Court, which includes the entire record on appeal in the state litigation, that the legal and factual issues regarding Lawrence's due process rights were not decided in the Article 78 proceeding.

In his initial petition to the Article 78 court, Lawrence claimed that the Police Pension Board's decision denying him disability benefits was, based on the evidence actually before it, arbitrary, capricious, and an abuse of discretion. He asked the Court to remand the matter for redetermination in a manner which complied with his due process rights. In its answer, the Pension Board stated that its decisiosn was not arbitrary and capricious, was supported by substantial evidence, and was in full compliance with all applicable laws.

In her opinion denying Lawrence's petition, the state court judge considered only whether the Pension Board's decision that Lawrence's injury was not accidental was reasonable, and ruled that it was. Lawrence moved to reargue, claiming only that the Pension Board's ruling was arbitrary and capricious. Lawrence subsequently filed an amended motion to reargue. In that amended motion to reargue, Lawrence argued for the first time that the Pension Board did not adequately investigate his claim, and thus did not have all the facts regarding the circumstances of his injury before it. Lawrence asserted that he had additional evidence, not considered by the Board, which supported his claim that his injury was accidental. These allegations form the factual basis for his due process claim. In its affirmation in response to the motion, the Pension Board argued that Lawrence failed to argue that the court overlooked factual or legal issues, and thus the motion to reargue should be denied. The Pension Board also argued that, if Lawrence's amended motion, in raising new issues, was denominated a motion to renew, it should be denied because Lawrence knew of the additional facts when he brought the proceeding. The judge, apparently considering Lawrence's motion a motion to reargue, ruled that Lawrence failed to show that the Court overlooked any controlling principle of law, and denied the motion. She did not consider Lawrence's additional factual arguments.

Lawrence appealed from the judgment against him. The decision was affirmed without opinion. *Lawrence v. McGuire*, 94 A.D.2d 982 (1st Dept. 1983). It is clear

that the only issue actually litigated in state court was whether the Pension Board's decision was reasonable based on the evidence before it.

■ The City defendants argue that the state court necessarily decided that defendants afforded Lawrence due process in denying him disability benefits. They base this argument on Lawrence's request, in his original Article 78 petition, that the state court remand his case to the Pension Board for reconsideration of his case in a way that complies with due process. However, Lawrence did not, in his original petition, raise the facts which were the basis of his due process argument, namely that the Pension Board did not have all the facts before it and that he was prevented from presenting the facts to it.[2] Thus, Lawrence's damage claims are not barred by issue preclusion.

For the above stated reasons, the City defendants' motion for summary judgment as to the claims for injunctive relief in the First, Second and Fourth causes of action is granted and these claims are dismissed. Lawrence's claims for damages arising out of those causes of action, however, survive.

### THE CONSPIRACY CLAIM

In the third cause of action, Lawrence alleges that Hartman and Matarazzo and all of the other named defendants conspired to conceal Matarazzo's actions which denied Lawrence due process before the Board of Trustees. Lawrence further alleges that this conspiracy deprived him of effective and meaningful access to the state courts as a means for redressing the denial of his due process rights.

■ As pleaded, these allegations fail to state a claim under 42 U.S.C. § 1985. There is no claim that the alleged conspiracy was motivated by a class based discriminatory animus as required for relief under § 1985(3), which addresses conspir-

acy to deprive individuals of equal protection and equal privileges and immunities. *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

During oral argument of this motion, plaintiff's counsel represented to this Court that he would replead the conspiracy claim stated in the third cause of action. To date, no such repleaded claim has been received by this Court. Therefore, Lawrence's Third Cause of action is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim under which relief can be granted without prejudice to his repleading it with greater clarity within twenty days of this order.

### CROSS–MOTION OF DEFENDANT P.B.A.

Lawrence alleges only that the PBA "is the union which has been designated as the plaintiff's collective bargaining agent and certain officers of the PBA are by statute, members of the defendant Board of Trustees". *See* Complaint, ¶ II. Lawrence also claims that Philip Caruso is the duly elected president of the Board of Trustees and that Louis Matarazzo is a member of the PBA who on the relevant dates acted by proxy as a member of the Board of Trustees in place of Caruso. Lawrence then goes on to name the PBA in the First through Third Causes of action alleging denial of due process and conspiracy.

■ Accepting all of his allegations as true, Lawrence states no claim against the PBA upon which relief may be granted and there is no liability on the part of the PBA. Accordingly, the PBA as an entity is not a proper party to this action. The PBA is thus dismissed as a party to this action, Fed.R.Civ.P. 21, and the complaint against the PBA is dismissed for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).

SO ORDERED.

2. Defendants' reliance on *Winters v. Lavine,* 574 F.2d 46 (2d Cir.1978) is misplaced. In *Lavine,* the plaintiff clearly asserted her constitutional argument and described how the state's policy deprived her rights. In this case, Lawrence never actually raised his due process claim before the state court.