17-233-cv
Russo v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 1st day of December, two thousand seventeen.

Present:     ROSEMARY S. POOLER,
             RICHARD C. WESLEY,
             PETER W. HALL,
                       *Circuit Judges*.

_____

ANTHONY JOHN RUSSO,

                       *Plaintiff-Appellant*,

          v.                                                    17-233-cv

CITY OF NEW YORK, NEW YORK STATE,

                       *Defendants-Appellees*.

_____

Appearing for Appellant:     Anthony John Russo, pro se, East Elmhurst, N.Y.

Appearing for Appellee:      No appearance.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Anthony John Russo, proceeding pro se, appeals from the July 19, 2016 judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*), dismissing Russo's claims brought under 42 U.S.C. § 1983. Russo was a tenured teacher with the New York City Board of Education who was terminated as the result of an arbitration conducted pursuant to New York Education Law 3020-a. Russo initiated an Article 75 proceeding in the Supreme Court of New York County to appeal the termination decision. The termination was ultimately affirmed by the New York State Court of Appeals in 2015. *Russo v. New York City Dep't of Educ.*, 25 N.Y.3d 946, 948 (N.Y. 2015). Russo filed his federal complaint against New York City and New York State on February 4, 2016.

On July 19, 2016, the district court sua sponte dismissed Russo's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and the doctrine of res judicata. The district court also determined that amendment to the pleadings would be futile and any appeal taken of that order would not be taken in good faith and thus denied in forma pauperis status to Russo for the appeal. Russo subsequently filed a motion for reconsideration, which was denied by the district court on January 4, 2017. The district court determined that appeal of that order would not be taken in good faith and denied in forma pauperis status to any appeal of the denial of the motion for reconsideration, as well. We assume the parties' familiarity with the remaining underlying facts, procedural history, and specification of issues for review.

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments they *suggest*.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). We review de novo a district court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2). *Giano v. Goord*, 250 F.3d 146, 149-50 (2d Cir. 2001), *abrogated on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002). Our review of a district court's denial of leave to amend based on futility is reviewed de novo. *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015). The district court's denial of Russo's motion for reconsideration is reviewed for abuse of discretion. *Id.* Finally, the district court's application of the principles of res judicata is reviewed de novo. *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). "We may affirm on any ground supported by the record." *Sudler v. City of New York*, 689 F.3d 159, 168 (2d Cir. 2012).

We affirm the decisions of the district court to dismiss Russo's complaint and deny his motion for reconsideration on the ground that Russo's claims are barred by the doctrine of claim preclusion. We note at the outset that "the failure of a defendant to raise res judicata does not deprive a court of the power to dismiss a claim on that ground" in large part because of "the strong public policy in economizing the use of judicial resources by avoiding relitigation." *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998). We find that dismissal on the basis of res judicata is appropriate in this case because Russo raises claims that are premised entirely on the same set of facts and alleged misconduct as the facts and misconduct alleged in his state court action, and because the initial state forum had the power to award the full measure of relief sought in this Section 1983 action. *See Davidson v. Capuano*, 792 F.2d 275 (1986). *Cf. Davis v. Halpern*, 813 F.2d 37, 39 (2d Cir. 1987) (explaining that Section 1983 plaintiffs may seek damages despite prior Article 78 Proceedings requesting injunctive or affirmative relief).

In *Migra v. Warren City School District Board of Education*, the Supreme Court held that the "settled" rule "that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered" applied to federal claims brought under 42 U.S.C. § 1983. 465 U.S. 75, 81 (1984). Russo argues that he cannot be barred from raising his federal claims because he never raised them in the state court actions, but *Migra* demonstrates that the doctrine of claim preclusion does not function in such a manner.

Pursuant to the instruction of the Supreme Court, we apply the doctrine of res judicata "under the law of the State in which the judgment was rendered" when evaluating the preclusive effects of a state court judgment. *Id.* at 81. This Court has noted that "New York law has adopted a 'transactional approach' to claim preclusion." *McKithen v. Brown*, 481 F.3d 89, 104 (2d Cir. 2007) (citing *Gargiul v. Tompkins*, 790 F.2d 265, 269 (2d Cir. 1986)). A transactional approach dictates that "[o]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transaction are barred." *Id.* at 104 (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (N.Y. 1981)).

Russo's complaint in the federal district court alleged that he suffered constitutional violations involving his termination, including the legal standards applied to his termination decision and the actual decision to terminate. Each of these constitutional violations was alleged to have occurred during the arbitration process and related procedures that were the subject of the state court judgment. Accordingly, even though Russo's federal claims were not raised and litigated in his state action, there was no error in the district court's decision to dismiss these claims on the grounds that they were barred by the state court judgment.

We have considered the remainder of Russo's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk