Reed v. Friedman Mgmt. Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of October, two thousand thirteen.

PRESENT:
> JOHN M. WALKER, Jr.,
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

Sharon Reed,

> *Plaintiff-Appellant,*

Marques S. Reed

> > > 12-2068-cv

> *Plaintiff,*

> > v.

Friedman Mgt. Corp., David DaSilva,

Agent, Viclar Realty Corp.,

*Defendants-Appellees*.

_____

FOR APPELLANT:     Sharon Reed, *pro se*, Detroit, MI.

FOR APPELLEES:     Keith A. Brady, Rubin Fiorella & Friedman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

Appellant Sharon Reed, proceeding *pro se*, appeals from the district court's judgment dismissing her complaint alleging that defendants Friedman Management Corporation ("Friedman"), David DaSilva, and Viclar Realty Corporation ("Viclar") wrongfully deprived her of appropriate conditions in and sought to expel her from the apartment in which she lived for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(6). *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Even after *Twombly*, we remain obligated to construe *pro se* complaints liberally. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). We read *pro se* complaints with "special solicitude," interpreting them to raise the "strongest [claims] that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (*per curiam*). District courts should frequently provide leave to amend before dismissing a *pro se* complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. *See id.*

The district court erred in dismissing Reed's claim pursuant to the Fair Housing Act, 42 U.S.C. §§ 3601-19 ("FHA"), as precluded by *res judicata*. "To prove that a claim is precluded [by *res judicata*], a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same] parties or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (alterations and internal quotation marks omitted). In New York, the general rule against relitigation of a claim does not apply where "'the initial forum did not have the power to award the full measure of relief sought in the later litigation.'" *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (quoting *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986)). In this case, the Civil Court in which Reed litigated her eviction action could not have granted her the relief that she now seeks under the FHA. *See* N.Y. City Civ. Ct. Act § 202.

"'A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir.

4

2010) (alterations and some internal quotation marks omitted)). We are mindful that in this case many of the factual allegations in the complaint are (1) not actionable under any circumstances; (2) irrelevant to the defendants actually sued; and (3) of questionable value to a lawsuit under the FHA. Nevertheless, because there is a plausible nucleus indicating that the *pro se* plaintiff might be able to state an actionable claim given another opportunity, the district court erred in denying her leave to amend her complaint.

For the foregoing reasons, the judgment of the district court is hereby **VACATED** and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5