*Home Team 668 LLC v. Town of East Hampton*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:

> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

HOME TEAM 668 LLC,

> *Plaintiff-Appellant,*

> v.                                                                      No. 24-959

THE TOWN OF EAST HAMPTON, LINDA SCICOLONE, ANN GLENNON, THOMAS TALMAGE, MICHAEL SENDLENSKI, in their official and individual capacities,

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | RICHARD L. RAVIN, Hartman & Winnicki, P.C., Ridgewood, NJ. |
| **For Defendants-Appellees:** | SCOTT KREPPEIN, Devitt Spellman Barrett, LLP, Smithtown, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 13, 2024 judgment of the district court is **AFFIRMED**.

Plaintiff Home Team 668 LLC ("Home Team"), a property owner in the Village of Montauk on the eastern tip of Long Island, appeals the district court's dismissal of its claims brought pursuant to 42 U.S.C. § 1983 against the Town of East Hampton and various town officials (collectively, the "Town"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

I.    Background

Home Team is a New York limited liability company that was formed to purchase and develop a two-story building on a vacant lot in Montauk's business

district. After the building was completed, Home Team concluded that it needed to construct an access ramp from the parking area to the entrance of the building in order to comply with the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* In the course of that construction, Home Team elected to use concrete, rather than asphalt, even though the Town-approved site plan had contemplated the use of asphalt for the parking area.

After learning of the construction, the Town issued a stop work order ("SWO") pursuant to Town Code § 102-12 based on the fact that the concrete ramp was noncompliant with the site plan. Despite the SWO, Home Team continued construction. In response, the Town issued a criminal misdemeanor complaint charging Home Team with one count of failure to comply with the Town-approved site plan and one count of refusal to comply with the SWO.

Home Team appealed the SWO and criminal charges to the Town's Zoning Board of Appeals (the "ZBA"), the administrative entity that oversees zoning and construction matters. After that appeal had been pending for two and a half months, Home Team also filed a "Verified Article 78 Petition and Complaint" in New York Supreme Court, Suffolk County, against East Hampton, the ZBA, and two town officials under N.Y. C.P.L.R. § 3001, New York's general declaratory

judgment statute, and N.Y. C.P.L.R. § 7801 *et seq.* ("Article 78"), which allows for state court review of decisions by administrative agencies. The petition and complaint raised a facial challenge to Town Code § 255-10-25, which provides that there will be no stay of enforcement pending an appeal of an SWO to the ZBA, and a claim that Home Team's due process rights had been violated by the issuance of the SWO without prior notice or a prompt hearing. Home Team also sought termination of the SWO and an order compelling the ZBA to adjudicate its appeal.

On November 20, 2018, the state court entered an order temporarily enjoining the Town from enforcing the SWO. The very next day, the Town rescinded the SWO. Two weeks later, the Town filed an answer and requested that the state court dismiss "the hybrid proceeding" in its entirety, arguing in part that the claim for termination of the SWO had been mooted by the Town's rescinding of the SWO. J. App'x at 325. For its part, Home Team requested leave to amend its petition and complaint and to add claims for damages under section 1983. On May 14, 2020, the state court denied Home Team's motion to amend and denied the petition and complaint. Although Home Team had a right to appeal the state court's ruling, it failed to perfect an appeal of the state court's order within the 60-day time limit.

4

On December 1, 2020, Home Team filed the present federal action in the United States District Court for the Eastern District of New York seeking declaratory, injunctive, and monetary relief under section 1983. In addition to asserting the due process claims alleged in the state court proceeding, Home Team alleged that the Town violated its equal protection rights by selectively enforcing ADA requirements and its right to a speedy trial by refusing to set a trial date for its criminal misdemeanor charges.

The Town moved to dismiss Home Team's claims as barred by *res judicata* or, in the alternative, for failure to state a claim and on qualified immunity grounds. The district court dismissed Home Team's due process and equal protection claims with prejudice based on *res judicata* and Home Team's speedy trial claim as unripe. Home Team now appeals the court's *res judicata* holding.

## II.  Discussion

### A.  *Younger* and *Rooker-Feldman*

As a threshold matter, the Town challenges whether this Court may hear Home Team's appeal under *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger* abstention"), as well as under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) (the "*Rooker-Feldman*

doctrine"). We find that neither *Younger* abstention nor the *Rooker-Feldman* doctrine bars us from considering Home Team's case.

With regard to *Younger* abstention, the doctrine "is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Spargo v. N.Y. State Comm'n on Jud. Conduct*, 351 F.3d 65, 74 (2d Cir. 2003). Accordingly, it is deemed forfeited where, as here, it is raised for the first time on appeal. *See generally In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 373 (2d Cir. 2005).

In contrast, *Rooker-Feldman* is a jurisdictional bar, and therefore cannot be forfeited. *Hachamovitch v. DeBuono*, 159 F.3d 687, 696 n.2 (2d Cir. 1998). We nonetheless have little difficulty concluding the *Rooker-Feldman* doctrine does not apply, as it "does not bar claims based on an opponent's misconduct that *precedes* the state court proceeding," like the Town's enforcement of the SWO and enactment of Town Code § 255-10-25. *Dorce v. City of New York*, 2 F.4th 82, 104 (2d Cir. 2021).

B. <u>*Res Judicata*</u>

We review a district court's dismissal on *res judicata* grounds *de novo*. *Whitfield v. City of New York*, 96 F.4th 504, 518 (2d Cir. 2024). In determining the

preclusive effects of a state-court judgment on proceedings in federal court, the full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to apply "the law of the State in which the judgment was rendered." *Id.* at 522 (internal quotation marks omitted). Under New York law, *res judicata* "bars successive litigation based upon the same transaction or series of connected transactions" if (1) "there is a judgment on the merits rendered by a court of competent jurisdiction," and (2) "the party against whom the doctrine is invoked was a party to the previous action." *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008) (internal quotation marks omitted).

On appeal, Home Team argues that *res judicata* does not apply because the state-court proceeding below was a "pure" Article 78 proceeding rather than a "hybrid" proceeding. In a pure Article 78 proceeding, a court may only grant the relief available under Article 78, which is limited to writs of certiorari, prohibition, and mandamus against a state actor or body, and incidental monetary damages. *See Whitfield*, 96 F.4th at 520. However, a pure Article 78 proceeding may be converted into a hybrid proceeding, wherein the court may award both Article 78 relief and "plenary" relief, such as declarations invalidating legislative acts or regulations, injunctions, or nonincidental damages. *See id.* at 521–22. Because

7

the state court in a pure Article 78 proceeding "d[oes] not have the power to award the full measure of [plenary] relief sought in [a] later litigation," we have held that *res judicata* generally will not bar a section 1983 claim that follows a pure Article 78 claim. *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986). Resolution of this appeal thus turns on whether Home Team's Article 78 proceeding was a pure or hybrid action.

We agree with the district court that the Article 78 proceeding below is best characterized as hybrid and that Home Team's section 1983 claims are therefore barred by *res judicata*. An Article 78 proceeding will be deemed hybrid "only if: (1) the state court petitioner sought relief that is not available under Article 78; and (2) the state court treated the proceeding as a hybrid one," even if the state court did not formally convert the proceeding. *Whitfield*, 96 F.4th at 526–27 (footnote omitted). Under the first prong, Home Team commenced a hybrid action when it sought "sweeping" non-Article 78 declaratory and injunctive relief that could not "fairly be characterized as 'incidental' to" its Article 78 claims for termination of the SWO or adjudication of its appeal before the ZBA. *Id.* at 529–30. We have specifically held that "[a] petitioner may not challenge the validity of a legislative act or regulation in an Article 78 proceeding," as Home Team did when it

8

commenced a facial challenge to Town Code § 255-10-25 on constitutional due process grounds. *Hachamovitch*, 159 F.3d at 695. Indeed, Home Team does not appear to contest that this first prong is satisfied.

As to the second prong, the state court treated the proceeding as hybrid when it "addressed the merits of [Home Team's] exclusively plenary claims." *Whitfield*, 96 F.4th at 529 n.26. Specifically, in dismissing Home Team's due process claims seeking injunctive relief, the state court found that Home Team had "failed to establish the existence of any immediate and irreparable injury, loss[,] or damage." *See* Sp. App'x at 42. Further, the state court denied Home Team's facial challenge to Town Code § 255-10-25, concluding that Home Team failed to show that the "ordinance has no substantial relationship to the public health, safety, or general welfare." *Id.* (internal quotation marks omitted).

Home Team argues that this is insufficient to establish that the proceeding was hybrid because, by denying Home Team's motion to amend, the state court did not reach the merits of its proposed section 1983 claims. But this argument is foreclosed by our case law. To treat an Article 78 proceeding as hybrid, a state court need "not explicitly address *all* . . . plenary claims," never mind those sought to be included by amendment. *Whitfield*, 96 F.4th at 532 n.34. Rather, the state

9

court only needs to "address[] some of them." *Id.* Here, the state court *only* addressed the merits of Home Team's section 3001 claims, while dismissing Home Team's Article 78 claims on ripeness grounds.

Furthermore, the state court did not "use[] the language of a pure Article 78 proceeding." *Id.* at 530. While exclusive use of the terms "petitioner" and "petition" would indicate a "pure" Article 78 proceeding, *see id.*, the state court repeatedly referred to Home Team as the "plaintiff/petitioner" or "plaintiff" and the Town as "defendants/respondents." Sp. App'x at 39–43. Likewise, the state court repeatedly referred to Home Team's "Article 78 Petition and Complaint," "petition/complaint," or "complaint." *Id.* There is also no indication that, in reviewing Home Team's non-Article 78 claims, the state court "was 'constrained' by the standard of review and summary procedures applicable in Article 78 proceedings." *Whitfield*, 96 F.4th at 531. To the contrary, in ruling on Home Team's motion to amend, the state court invoked the general standard for granting leave to amend and considered whether "the proposed amendment [wa]s palpably insufficient or patently devoid of merit." Sp. App'x at 42. For these reasons, the language of the state court order also supports finding it treated the proceeding as a hybrid action.

10

In short, although the state court did not explicitly convert the Article 78 proceeding into a hybrid one, Home Team commenced a hybrid action when it brought claims for sweeping declaratory and injunctive relief, and the court adjudicated it as such. Home Team doubled down when it moved to amend its complaint and add federal claims for damages pursuant to section 1983. Although the state court denied that motion, the fact remains that Home Team could have appealed that denial to the New York Supreme Court, Appellate Division, where a favorable outcome would have permitted it to pursue its section 1983 claims for damages – causes of action and relief that are decidedly non-Article 78 in nature. The relevant inquiry is whether "an Article 78 petitioner [may] fairly be deemed to have had the *ability* to seek plenary relief" in the state proceeding. *Whitfield*, 96 F.4th at 525 (emphasis added). Accordingly, "[w]here a plaintiff's motion to amend its complaint in the first action is denied, and [the] plaintiff fails to appeal the denial, *res judicata* applies to the claims sought to be added in the proposed amended complaint." *EFCO Corp. v. U.W. Marx, Inc.*, 124 F.3d 394, 399–400 (2d Cir. 1997) (italics added).

For all these reasons, we agree with the district court that Home Team's state court action was a hybrid proceeding. And because Home Team concedes that

11

its section 1983 claims arise from the same set of facts, *res judicata* bars the claims, as they "could have been raised" in the state action.   *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 97 (2d Cir. 1997) (internal quotation marks omitted).

*       *       *

We have considered Home Team's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12