*Shasha, et al v. Malkin, et al*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of February, two thousand twenty-six.

PRESENT:
> ROBERT D. SACK,
> MYRNA PÉREZ,
> > *Circuit Judges*,
> LORETTA A. PRESKA,
> > *District Judge.*[*]

―――――――――――――――――――――――――

VIRGINIA SHASHA, CO-TRUSTEE FOR THE VIOLET SHUKER SHASHA LIVING TRUST, VIVIENNE PERO, CO–TRUSTEE FOR THE VIOLET SHUKER SHASHA LIVING TRUST, EMPIRE STATE LIQUIDITY FUND L.L.C., MYRNA JOY EDELMAN, TRUSTEE FOR THE 2006 GILBERT M. EDELMAN INTER VIVOS TRUST, PHYLLIS J. HALPER, MELVYN H. HALPER, WENDY

―――――――――――――――――――

[*] Judge Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

S. TAMIS, MARY JANE FALES, DEBRA B. ADLER, TRUSTEE OF THE ADLER FAMILY TRUST,

*Plaintiff-Appellants*,

EMIL SHASHA, TRUSTEE FOR THE VIOLET SHUKER SHASHA LIVING TRUST, JUDITH JACOBSON, LAURENCE ADLER, TRUSTEES FOR THE ADLER FAMLY TRUST, SHIRLEY ADLER, TRUSTEES FOR THE ADLER FAMILY TRUST, HOWARD EDELMAN, TRUSTEE FOR THE EDELMAN FAMILY DECEDENT'S TRUST, ROBERT A. MACHLEDER, ALAN D. GORDON, ROBERT PAUL EDELMAN, TRUSTEE FOR THE EDELMAN FAMILY DECEDENT'S TRUST, DANIELLE P. BARGER, TRUSTEE FOR THE EDELMAN FAMILY DECEDENT'S TRUST

*Plaintiffs*,

v.                                        No. 25-442

PETER L. MALKIN, ANTHONY E. MALKIN, JR., THOMAS N. KELTNER, MALKIN HOLDINGS L.L.C.,

*Defendants-Appellees.*

───────────────────────────────

**FOR PLAINTIFF-APPELLANTS:**     JOHN WYETH GRIGGS, Griggs & Adler, PC, Reston, VA.

**FOR DEFENDANT-APPELLEES:**     THOMAS E.L. DEWEY (David S. Pegno, Daniel Shternfeld, *on the brief*), Dewey Pegno & Kramarsky LLP, New York, NY.

2

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

This case arises out of the 2013 consolidation of multiple real estate properties to create the Empire State Realty Trust ("ESRT"). After the consolidation, Plaintiffs—who are investors—initiated arbitration against Appellees and filed the instant action for the purpose of tolling the applicable statute of limitations and preserving their claims in case any were deemed non-arbitrable. With the parties' consent, the District Court stayed this case pending the resolution of arbitration. Several years later, the arbitration panel issued a Final Award and Plaintiffs moved to lift the stay, file an amended complaint, and proceed with litigation. The District Court lifted the stay but denied Plaintiffs' motion to amend and dismissed the case. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

I.    **Background**

Plaintiffs were investors in a partnership called Empire State Building Associates, LLC ("ESBA"). In 2013, ESBA was consolidated with other real estate properties to create a publicly traded entity ESRT. Plaintiffs brought claims against Peter Malkin, Anthony

3

Malkin, Thomas Keltner, Jr., and Malkin Holdings, LLC before the American Arbitration Association. Plaintiffs alleged breach of fiduciary duty, breach of contract, common-law fraud and misrepresentation, and various violations of securities laws.

Shortly thereafter, Plaintiffs commenced this lawsuit, stating in their complaint that they were "pursuing [their] claims against the Defendants in arbitration," and were filing the lawsuit "to toll the statute of limitations as to these claims in the event the arbitrators determine that these claims are not subject to arbitration." J. App'x at 38–39. Six years later, the arbitration panel issued a ninety-eight-page Final Award denying all but one of Plaintiffs' claims. *Id.* at 530. The arbitration panel stated that the Final Award constituted a "full settlement of all claims and counterclaims submitted to this Arbitration," and that "[a]ll claims and counterclaims not expressly granted herein are hereby denied." *Id.* at 532.

Plaintiffs then moved to lift the stay in the instant litigation and sought leave to file a second amended complaint ("SAC"). Appellees opposed, arguing instead that the case should be dismissed in light of the resolution of arbitration. The magistrate judge to which this case was assigned directed Plaintiffs to file their proposed SAC and the parties to exchange letter briefing and issued a Report and Recommendation ("R&R") resolving the cross motions. The R&R concluded that, in light of the arbitration decision, "res judicata bar[red] Plaintiffs from pursuing their claims here, and their motion to amend [was] futile." *Shasha v. Malkin*, No. 14-CV-9989, 2021 WL 11960275 (S.D.N.Y. Mar. 24,

4

2021), *R. & R. adopted*, 2025 WL 343187 (S.D.N.Y. Jan. 30, 2025). The District Court adopted the R&R, concluding that Plaintiffs' claims were barred by res judicata and that Plaintiffs were not prejudiced by the magistrate judge's use of letter briefing to resolve the motions. *See Shasha v. Malkin*, No. 14 CIV. 9989, 2025 WL 343187, at *2 (S.D.N.Y. Jan. 30, 2025).

## II.      Standard of Review

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 47 (2d Cir. 2025) (quoting *Carroll v. Trump*, 88 F.4th 418, 430 (2d Cir. 2023)). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Additionally, "[w]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (quoting *Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1076 (2d Cir. 2021)). And as relevant here, "[i]n reviewing a *res judicata* defense on a Rule 12(b)(6) motion, a court's review 'is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials

appropriate for judicial notice.'" *VDARE Found., Inc. v. James*, 162 F.4th 77, 83 (2d Cir. 2025) (quoting *TechnoMarine S.A. v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014)).

### III. Discussion

"The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). The doctrine applies with equal force to "past determinations in arbitral proceedings." *Pike v. Freeman*, 266 F.3d 78, 90 (2d Cir. 2001); *see also State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 81 (2d Cir. 2024) (same). To prove that claims are barred by res judicata due to past arbitral proceedings, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Pike*, 266 F.3d at 91 (quoting *Monahan*, 214 F.3d at 284–85). Applied here, res judicata plainly bars Appellant's claims.[1]

### A. The Instant Litigation Involves the Same Parties as Arbitration

The parties to the proposed SAC are the same as the parties to arbitration. To

---

[1] Plaintiffs do not contest that the first element of this test is met. *See* Appellants' Br. at 11.

6

begin, Appellants concede that the plaintiffs to the instant action were claimants in the arbitral proceedings. *See* Appellants' Br. at 19. Additionally, three of the four defendants named in the proposed SAC are the same three individuals named as respondents during arbitration. *See* J. App'x at 250–51 (Statement of Claim and Demand for Arbitration); *id.* at 389 (proposed SAC). The fourth respondent named in arbitration was Malkin Holdings LLC. *Id.* at 251. In the proposed SAC, Appellants allege that Malkin Holdings LLC "changed its name to ESRT MH Holdings LLC in September 2014," several months before they first filed this lawsuit. *Id.* at 389. Even if these two entities are not literally identical—which Appellants' allegations suggest they might be—"[p]rivity 'bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion.'" *Cho v. Blackberry Ltd.*, 991 F.3d 155, 169 (2d Cir. 2021) (quoting *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995)).[2] As Appellants conceded at oral argument, that standard is met here. Thus, the second res judicata element is satisfied.

## B. The Claims Asserted in the Instant Case Were or Could Have Been Raised in Arbitration

The claims asserted by Plaintiffs in the proposed SAC were raised in arbitration— and to the extent they were not expressly raised therein, they certainly could have been.

---

[2]   Appellants contend that they intended to add ESRT as a defendant as well.

7

Appellants appear to concede as much with respect to claims two through five in the proposed SAC and focus their appeal only on claims one and six. *See* Appellants' Br. at 26. But these two claims fare no better.

The application of res judicata does not depend on whether a claim was actually raised in a prior proceeding, but "whether the claim was sufficiently related to the claims that were asserted in the first proceeding that it *should have been* asserted in that proceeding." *Pike*, 266 F.3d at 91. Resolving that inquiry "depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims." *Id.* (quoting *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997)). "To ascertain whether two actions spring from the same 'transaction' or 'claim,' we look to whether the underlying facts are 'related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting *Interoceanica*, 107 F.3d at 90). Importantly, however, res judicata "will not apply 'if the initial forum did not have the power to award the full measure of relief sought in the later litigation.'" *Whitfield v. City of New York*, 96 F.4th 504, 523 (2d Cir. 2024) (quoting *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986)).

Appellants scarcely contest that claims one and six arise out of the same set of underlying facts—the 2013 ESRT consolidation. Instead, they make two arguments: first, the arbitration panel did not truly decide all of the claims before it; and second, some of

8

the claims brought here seek relief that was not available in arbitration. Neither argument is persuasive.

First, the Final Award plainly stated that it was "in full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly granted herein are hereby denied." J. App'x at 532. The Final Award also stated, "We did not address all the parties' contentions in this Final Award, including numerous allegations in Claimants' Specification of Material Misstatements and Material Omissions, because we did not consider the unaddressed contentions sufficiently material to this award to warrant discussion." *Id.* at 531 (footnote omitted). The only claim the panel expressly declined to consider was an abuse of process claim, *see* J. App'x at 127, 551, but Appellants have not included an abuse of process claim in the SAC. Thus, Appellants have not identified any claim they seek to raise in the proposed SAC that the arbitration panel declined to consider.

Second, Appellants' argument that the arbitration panel lacked the power to grant equitable relief is also without merit. Arbitrators exercise broad and flexible authority to fashion appropriate remedies, including equitable relief. *Cf. Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 902 (2d Cir. 2015). Appellants have not identified anything in the language of the arbitration agreement that would have prevented the arbitration panel from granting equitable relief concerning voting rights in ESRT. Nor do they explain why the arbitration panel could not have effectuated the equitable relief they now

9

seek against the four respondents that participated in arbitration. Accordingly, we discern no basis to conclude that the arbitration panel lacked "the power to award the full measure of relief sought in the" proposed SAC. *Whitfield*, 96 F.4th at 523 (quoting *Davidson*, 792 F.2d at 278).

In sum, the proposed SAC brings claims that either were, or plainly should have been, litigated before the arbitration panel. Res judicata bars relitigating them here.

### C. Plaintiffs Were Not Prejudiced by the Use of Letter Briefing

Appellants' argument that they were prejudiced by the magistrate judge's letter briefing procedure is also unavailing. The magistrate judge afforded Plaintiffs ample opportunity to make fulsome argument for their Rule 15(a)(2) motion and to oppose Defendants' motion to dismiss. *Contra Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (finding that plaintiffs were prejudiced when they were presented "with a Hobson's choice: agree to cure deficiencies not yet fully briefed and decided or forfeit the opportunity to replead"). The magistrate judge acted within its discretion by consolidating consideration of these two motions, which both ultimately turned on the same legal inquiry—whether Appellants' proposed SAC stated a claim. The use of letter briefing by the magistrate judge is no reason to disturb the District Court's judgment.

## IV. Conclusion

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court