*Nelson v. Thomson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of March, two thousand twenty-six.

PRESENT:

> DENNIS JACOBS,
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

_____

TROIX NELSON,

> *Plaintiff-Appellant*,

v.                                                                          No. 25-607

KATHLEEN S. THOMSON, individually and in her official capacity as Acting Deputy Commissioner, SHERRIE REMBERT, individually and in her official capacity as

1

Assistant Chief, LOUIS A. MOLINA, individually and in his official capacity as Commissioner of Correction, CHARISMA CARTER, individually and in her official capacity as Warden, PETER TROXLER, Union Attorney, MERCEDES MALDONADO, Union Attorney, JOEY JACKSON LAW PLLC, Union Law Firm, KARASYK & MOSCHELLA, LLP, Union Law Firm, CORRECTION OFFICERS' BENEVOLENT ASSOCIATION, INC., Municipal Employee Organization, CITY OF NEW YORK, ASIM REHMAN, individually and in his official capacity as Commissioner and Chief Administrative Law Judge, BENNY BOSCIO, Union President,

*Defendants-Appellees.*[*]

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | Troix Nelson, *pro se*, Brooklyn, NY. |
| **For Defendants-Appellees Peter Troxler and Joey Jackson Law, PLLC:** | Justin Jackson, Esq., Joey Jackson Law, PLLC, New York, NY. |
| **For Defendants-Appellees Mercedes Maldonado and Karasyk & Moschella, LLP:** | Lisa L. Shrewsberry, Esq., Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY. |
| **For Defendants-Appellees Correction Officers' Benevolent Association, Inc., and Benny Boscio, Union President:** | Dianna D. McCarthy, Kaufman Borgeest & Ryan LLP, New York, NY. |

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

2

For Defendants-Appellees
**Kathleen S. Thomson, Sherrie Rembert, Louis Molina, Charisma Carter, City of New York, and Asim Rehman:**

Chase Henry Mechanick, Assistant Corporation Counsel (Jamison Davies, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 11, 2025 judgment of the district court is **AFFIRMED**.

Troix Nelson, a former New York City corrections officer who is proceeding *pro se*, appeals from the district court's dismissal of his claims against the City of New York and various City officials (the "City Defendants"); the Correction Officers' Benevolent Association, Inc. ("COBA") and its president, Benny Boscio (the "Union Defendants"); and various law firms and attorneys affiliated with COBA (the "Law Firm Defendants") for violations of his rights under 42 U.S.C. § 1983 and state law after he was demoted to probationary status and eventually terminated from the New York City Department of Corrections ("DOC"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

3

"We review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiffs." *Muto v. CBS Corp.*, 668 F. 3d 53, 56 (2d Cir. 2012). And "we liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (alteration adopted, italicization added, and internal quotation marks omitted).

### 1. The Union and Law Firm Defendants Are Private Actors Who Did Not Act Under Color of State Law.

The district court properly dismissed Nelson's section 1983 claim against the Union and Law Firm Defendants because Nelson did not plausibly allege that they acted under color of state law.

Nelson acknowledges that COBA and the lawyers and law firms associated with it are private parties who may only be held liable under section 1983 if they "act[ed] under color of state law." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). A private party acts under color of state law for purposes of section 1983 when (1) "the State compelled the conduct," (2) "there is a sufficiently close nexus between the State and the private conduct," or (3) "the private conduct consisted of activity that has traditionally been the exclusive prerogative of the

4

State." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (internal quotation marks omitted).

But Nelson pleads no facts suggesting that the Union and Law Firm Defendants meet any of those tests for state action. At most, Nelson argues that the Union and Law Firm Defendants acted as an arm of the DOC when they sent out "hundreds" of Negotiated Plea Agreements ("NPAs") to their clients to resolve employment disputes with the DOC under the collective bargaining agreement. Nelson Br. at 13. But the fact that the Union and Law Firm Defendants negotiated settlements with the DOC in the course of employment disputes involving union members does not mean that they acted jointly with the State to deprive Nelson of his constitutional rights. To the contrary, we have long recognized the "adversarial relationship" that exists between a union and the municipal agency that is the counterparty to a collective bargaining agreement. *Ciambriello*, 292 F.3d at 324; *see also id.* at 323 ("Labor unions . . . generally are not state actors."). Here, as in *Ciambriello*, the Union and Law Firm Defendants were representing City employees in a grievance against the DOC. They were clearly not state actors or otherwise acting "under color of state law." *Id.* at 323. Because

5

Nelson alleged no facts suggesting otherwise, the district court did not err in dismissing Nelson's section 1983 claims against those Defendants.

### 2. Nelson Failed to State a Section 1983 Procedural Due Process Claim Against the City Defendants.

Although the City Defendants are clearly state actors for purposes of section 1983, Nelson must still plead facts establishing that their conduct deprived him of a federal right. *See Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993); *see also* 42 U.S.C. § 1983. To prevail on a procedural due process claim, a plaintiff must demonstrate that the defendant "deprived him of a cognizable interest in life, liberty, or property . . . without affording him constitutionally sufficient process." *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017) (internal quotation marks omitted). Due process is not violated "so long as the State provides a meaningful post[-]deprivation remedy." *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). And it is well established that "[a]n Article 78 proceeding provides the requisite post-deprivation process – even if [the plaintiff] failed to pursue it." *Anemone v. Metro Transp. Auth.*, 629 F.3d 97, 121 (2d Cir. 2011).

Nelson asserts that he was denied due process because his termination was made by Kathleen Thomson, the DOC's Chief of Staff, rather than by the

6

"commissioner of Correction" or an "officer or head of a city agency." Nelson Br. at 11. To Nelson, this effectively meant that he therefore "could not pursue an Article 78 action." *Id.* at 12. He is incorrect. An Article 78 proceeding may be brought by any person to "challeng[e] the activities of an administrative agency in court," *Whitfield v. City of New York*, 96 F.4th 504, 519 (2d Cir. 2024), and enables the "speedy correction of improper action by a 'body or officer,'" *Davidson v. Capuano*, 792 F.2d 275, 280 (2d Cir. 1986) (quoting N.Y.C.P.L.R. § 7801 (McKinney)). A "body or officer" is defined under N.Y.C.P.L.R. § 7802 as "every court, tribunal, board, corporation, officer, or other person, or aggregation of persons, whose action may be affected by a proceeding under this article." This capacious definition clearly includes Thomson, the DOC's Chief of Staff – a "person" whose act of terminating Nelson could be affected by an Article 78 proceeding. Indeed, Article 78 proceedings are often brought by petitioners seeking "reinstatement of employment." *Davidson*, 792 F.2d at 280. And "[w]here, as here, Article 78 gave" Nelson "a meaningful opportunity to challenge" his termination, "he was not deprived of due process simply because

7

he failed to avail himself of the opportunity." *Giglio v. Dunn*, 732 F.2d 1133, 1135

(2d Cir. 1984); *see also Locurto v. Safir*, 264 F.3d 154, 175 (2d Cir. 2001).[1]

\*        \*        \*

We have considered all of Nelson's arguments and find them to be without

merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] On appeal, Nelson does not challenge the district court's dismissal of his *Monell* and due process claims arising from his demotion to probationary status.  Accordingly, any appeal as to those claims has been abandoned.  *See Cruz v. Gomez*, 202 F.3d 593, 596 n.3 (2d Cir. 2000) ("When a litigant – including a *pro se* litigant – raises an issue before the district court but does not raise it on appeal, the issue is abandoned.").